# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JAN 20 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| SANTOS LERMA-OLIVARES | § | |
| | § | CIVIL ACTION NO. B-97-174 |
| VS. | § | |
| | § | CRIMINAL NO. B-95-224-01 |
| UNITED STATES OF AMERICA | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Santos Lerma-Olivares ("Lerma") has filed a petition pursuant to 28 U.S.C. § 2255 seeking to set aside his conviction for aiding and abetting the importation of 32 kilograms of cocaine in violation of 18 U.S.C. §§ 2 and 21; U.S.C. §§ 952(a) and 960 (b)(1) and aiding and abetting the possession with intent to distribute 32 kilograms of cocaine in violation of 18 U.S.C. §§ 2 and 21 U.S.C. §§ 841 (a)(1) and 841(b)(1)(A). The government has filed a Motion for Summary Judgment (this pleading is docketed as number 51 in the underlying criminal case B-95-224-01) which should, for the reasons set forth below, be granted.

## BACKGROUND FACTS

In the early morning hours of September 21, 1995, Lerma was stopped in Refugio County, Texas by a deputy sheriff. Lerma was driving a semi-trailer truck with Mexican plates. The truck was stopped because of a defective tail light.

Investigation revealed 32 kilograms of cocaine hidden in a secret compartment. Lerma was indicted and charged with the two offenses for which he was convicted by a jury. He was acquitted on two conspiracy counts. He was sentenced to a total of 151 months, five years supervised release and the mandatory special assessments. He appealed his conviction. The Fifth Circuit affirmed.

## THE § 2255 PETITION

The Petition raises three points:

First: Lerma should have received a two point deduction for acceptance of responsibility.

Second: Lerma should have received the benefit of the safety valve in 18 U.S.C. § 3553(f).

Third: His counsel was ineffective for not arguing the first two points.

## RECOMMENDATION

First: Lerma never accepted responsibility. He entered a not guilty plea and went to trial. He never admitted his guilt.

In any event, it is axiomatic that a misapplication of the Guidelines does not raise constitutional claims cognizable in a § 2255 petition. *U.S. v. Segler*, 37 F.3d 1131,1134 (5th Cir. 1994); *U.S. v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

Second: Lerma was not entitled to the safety valve. 18 U.S.C. § 3553(f) requires a defendant, no later than at sentencing to "come clean".

Lerma has never done this.

Third: Lerma's counsel was not ineffective for failing to raise points that have no merit.

All of Lerma's complaints are frivolous. A complete review of the trial transcript of his testimony shows that he never admitted his guilt. (Trial transcript pp. 164-165) The jury that listened to the evidence in this case did not believe him. All of his claims are predicated on an acceptance of responsibility which never occurred. His petition should be dismissed,

IT IS THEREFORE **RECOMMENDED** that Santos Lerma-Olivares's Habeas Petition be **DISMISSED**.

2

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 20th day of January 1999.

_____
John Wm. Black
United States Magistrate Judge